# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

REILLY JOHNSON,

        Petitioner,

v.                                                         CIV 99-1297 MV/KBM

LAWRENCE TAFOYA, Warden, and
PATRICIA MADRID, Attorney General,

        Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

        This matter came before the Court on Respondents' Motion to Dismiss the Petition for Lack of Jurisdiction in Lieu of an Answer *(Doc. 9)*. Respondents' Motion concerns Johnson's Petition for Writ of Habeas Corpus by a Person in State Custody *(Doc. 1)*. Respondents argue that the Court should dismiss Johnson's Petition because it is a second or successive petition under 28 U.S.C. § 2244(b)(2)(B)(i-ii). Having considered the pleadings, the record, the parties' arguments and the relevant law, I find that Respondents' Motion to Dismiss is well taken. Therefore, I recommend that the District Judge grant the motion and transfer the case to the Court of Appeals for the Tenth Circuit.

### Facts/Procedural Background

        In 1982, a New Mexico jury convicted Johnson of the first-degree murder of his wife, Sylvia, for which he received a life sentence. The State's theory was that Johnson first rendered Sylvia unconscious by administering ether to her, and then strangled her. Johnson contended that

1

Sylvia had died of asthma in her sleep. At trial, autopsy evidence showed that the victim's body contained an abnormally high amount of ether, and revealed injuries including bruises on her forehead and back of her head as well as bruising to the neck and around the jawline. The victim also had scratches on her nose and the backs of her hands.

On direct appeal to the New Mexico Supreme Court, Johnson asserted nine points of error. The New Mexico Supreme Court affirmed his conviction and sentence on all the points. *State v. Johnson*, 99 N.M. 682 (1983). Since that ruling, Johnson has filed several state habeas corpus petitions, and neither party suggests that Johnson has failed to exhaust his state remedies. Nor have respondents argued that the AEDPA one-year statute of limitations applies for purposes of this motion.

In 1993, Johnson filed a previous federal habeas corpus petition (CIV 93-844 MV/LFG) in this court challenging the loss of good time credits. The Court dismissed that petition on its merits October 7, 1994. The Tenth Circuit affirmed dismissal of the 1993 Petition on October 28, 1997, relying on *Stephens v. Thomas*, 19 F.3d 498 (10th Cir. 1994).[1] Respondents argue that Johnson's present petition constitutes a second or successive application, and that Johnson therefore must first apply to the Tenth Circuit Court of Appeals for an order authorizing this Court to consider it.

## Discussion

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244, as it

---

[1] In his opposition to the dismissal motion, Johnson contends he has filed another "conditions-of-confinement" habeas application, but neither party has indicated the timing or content of it. My review of the court's docket shows that CIV 93-844 MV/LFG and the present petition are the only § 2254 cases Johnson has filed in the last ten years.

concerns successive habeas corpus applications, provides:

> (b)(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
> (b)(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Thus, the AEDPA instituted a "gatekeeping" procedure concerning second or successive habeas petitions. *See Reeves v. Little*, 120 F.3d 1136, 1138 (10th Cir. 1997).

In determining what is a "second or successive" petition, the Tenth Circuit has followed other circuits in applying the "abuse of the writ" standard in effect before the AEDPA became law. *Id.* at 1138-39. Abuse of the writ requires dismissal of a petition which successively repeats claims previously denied on the merits or which abusively asserts new grounds that were unjustifiably omitted from a prior petition. *Id.* at 1139.

The parties agree that Johnson's present petition does not repeat claims that were previously denied. Rather, Respondents contend that Johnson should have raised them in his first federal petition because "[v]irtually all issues in the current petition were known to or could have been known with reasonable diligence by Petitioner when he filed the 1993 petition."[2]

---

[2] To no avail, Johnson relies on *In re Cain*, 137 F.3d 234 (5th Cir. 1998). In that case, the timing of the prison board's decision to strip him of good time credits precluded that petitioner from presenting claims on the good time credits issue in his earlier petitions. *Id.* at 236.

3

*Respondents' Motion*, ¶ 3. I agree, and will discuss why this Court lacks jurisdiction over each of the newly presented claims.

### 1. Ineffective Assistance of Counsel

Johnson goes to considerable length, weaving the theme through nearly ten pages, detailing why his trial counsel was ineffective. *Petition 9-20*. He catalogues alleged errors too numerous to recount here. Yet, even by his own account, all the faults he assigns to his trial counsel were clearly obvious to him at the time of trial. Therefore, Johnson lacks justification for omitting these grounds from his first habeas petition filed in 1993, more than ten years after the trial.

Johnson also claims that he received ineffective assistance of counsel on his appeal. The attorney hired by Johnson to represent him on appeal was later disbarred for unethical conduct concerning Johnson and other clients. *See In the Matter of Mary Ann Ortega*, 101 N.M. 719 (1984). Yet again, Johnson's assertions establish that he was aware of his attorney's alleged deficiencies in performance at the time they occurred. Thus, they could have been raised in his previous 1993 petition.

### 2. Asserted Lost or New Evidence and Alternative Theories

Johnson argues that his wife's asthma inhaler, which the State had seized and then lost, constitutes exculpatory evidence. He surmises that the inhaler might have supported his position

---

In other words, the alleged violations had not yet occurred when the earlier petitions were filed. The thrust of the AEDPA was to prevent abuse of habeas corpus petitions by requiring that prisoners bring their claims when they knew or should have known of them. Unlike the situation in *In re Cain*, Johnson's petition constitutes a second, successive petition because "all of the operative facts were known at the time he filed his first petition." *Nguyen v. Gibson*, 162 F.3d 600, (10th Cir. 1998).

that Sylvia died in her sleep because she smoked and had abused the inhaler. As to the "general exculpatory value" of the inhaler itself, Johnson in fact argued this point before the New Mexico Supreme Court in 1983. *Johnson*, 99 N.M. at 685-86. As for his assertion that trial counsel failed to comprehend the value of the inhaler as the cause of death, Johnson certainly should have been aware of such failure soon after counsel displayed this lack of understanding.

Johnson also poses two new alternative theories for how his wife Sylvia died. First, he contends that new information supports a finding that Sylvia's death was the accidental result of the combination of potential dangers posed by smoking and use of an inhaler. He provides articles of scientific studies that support this theory – a 1992 *New England Journal of Medicine* article and a 1995 *Time* magazine article about an actress who smoked, used an inhaler and died in her sleep. Arguably, new information was unobtainable prior to Johnson's 1993 petition, and I will assume that the articles accurately portray the risks inherent in smoking and using an inhaler.

Nevertheless, in view of the other evidence – ether in the victim's body and scratches and bruises about her head, neck, and face consistent with strangulation – Johnson's first theory and his proposed evidence fail to establish by clear and convincing evidence that a reasonable fact finder would not have found him guilty.

> A fact-based claim of this type, presented for the first time in a successive § 2254 application, must be dismissed unless "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence", ***and*** the facts underlying the claim "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense". §28 U.S.C. 2244(b)(2)(B)(i-ii). Even assuming that [Petitioner] has discovered new evidence that was unavailable to him earlier, the submitted portion of the report, which merely contains descriptive information about the crime, falls far short of satisfying § 2244(b)(2)(B)(ii).

5

*In re Smith*, 142 F.3d 832, 836 (5th Cir. 1998) (emphasis added). A petitioner "may not refile every time he concocts a new theory -- or puts a new spin on an old theory -- to collaterally attack the same state court convictions." *Day v. Cody*, CIV 95-1411-R, 1996 WL 223712, at *2 (10th Cir. May 3, 1996) (unpublished) (copy attached).

In his second more novel theory, Johnson speculates that his wife's death accidentally resulted from an autoerotic act – to increase the intensity of orgasm during masturbation, Sylvia intentionally ingested ether and strangled herself. Yet, Sylvia's body was found lying in bed, dressed in pajamas, and, most importantly, with nothing around the neck. *Johnson*, 99 N.M. at 684. In all of his submitted literature concerning autoerotic deaths, the instrument used to strangle the victim was always discovered near the body of the victim. Johnson points to no evidence, only conjecture, that his wife had engaged in such an autoerotic act. Given that the court is to examine the evidence as a whole under the above-quoted *Smith* standard, I find that Johnson has failed to meet his burden as to this novel theory.

### 3. *Other Alleged Errors*

Asserted errors in conflicting verdict forms and in the tape-recorded transcript were both brought by Johnson on his direct appeal before the New Mexico Supreme Court. *Johnson*, 99 N.M. at 689. Likewise, his allegations of improper comments by the prosecutor and presentation of false testimony by the State were clearly known or knowable to Johnson at the time of his first habeas petition. Consequently, there is no justification for Johnson's failure to raise these issues as well in his previous habeas petitions.

### Conclusion

I conclude that Johnson's Petition is successive for raising claims that should have been

6

raised in a previous petition, and that he has failed to establish by clear and convincing evidence that no reasonable factfinder could have found him guilty of murder under his new theories. In view of the gatekeeping function AEDPA has assigned to the federal appellate courts, I recommend that the District Judge dismiss the Petition for want of jurisdiction and transfer the case to the Court of Appeals for the Tenth Circuit.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the District Court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE


**Petitioner Pro se**  
Reilly Johnson  
Las Cruces, NM

**Counsel for Respondents**  
Anthony Tupler  
Assistant Attorney General  
New Mexico Attorney General's Office  
Santa Fe, NM

7

**(Cite as: 85 F.3d 640, 1996 WL 223712 (10th Cir.(Okla.)))**

NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.

(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)

**Cordell Lee DAY, Jr., Petitioner-Appellant,**
v.
**R. Michael CODY, Respondent-Appellee.**

**No. 95-6450.**
**(D.C.No. CIV-95-1411-R)**

United States Court of Appeals, Tenth Circuit.

May 3, 1996.

Before ANDERSON, BARRETT, and MURPHY, Circuit Judges.

ORDER AND JUDGMENT [FN*]

> FN* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**\*\*1** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Cordell Lee Day, Jr., a.k.a. Charles Robert Day, [FN1] an inmate at the Lexington, Oklahoma, Correctional Center, seeks a certificate of probable cause to appeal the district court's dismissal of his most recent habeas corpus petition. See 28 U.S.C. § 2253. To obtain a certificate of probable cause, a petitioner must make "a substantial showing of the denial of an important federal right by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings." Gallagher v. Hannigan, 24 F.3d 68, 68 (10th Cir.1994) (citing Barefoot v. Estelle, 463 U.S. 880 (1983)).

> FN1. See R. Doc. 2 Ex. A (listing Mr. Day's aliases).

We have reviewed Mr. Day's arguments and find no basis for granting the certificate in light of the numerous prior federal habeas petitions he has filed, at least six of which we have addressed on appeal:

Day v. Evans, No. 95-6336, 1996 WL 44225 (10th Cir. Feb. 5, 1996) (denying certificate of probable cause).

Day v. Evans, No. 95-6100, 1995 WL 607620 (10th Cir. Oct. 16, 1995) (noting that Mr. Day "has previously filed at least three federal petitions for habeas relief," and affirming dismissal of petition as successive).

Day v. Reynolds, No. 94-6246, 1994 WL 673052 (10th Cir. Nov. 30, 1994) (affirming

denial of petition).

Day v. Reynolds, No. 93-6367, 1994 WL 118204 (10th Cir. Apr. 5, 1994) (noting district court dismissed petition for abuse of the writ, and affirming on the merits).

Day v. Champion, No. 93-5129, 1993 WL 516444 (10th Cir. Dec. 13, 1993) (affirming dismissal of petition for abuse of the writ).

Day v. Saffle, No. 91-6045, 1991 WL 240139 (10th Cir. Nov. 12, 1991) (denying certificate of probable cause on sixteen grounds of alleged error).

See also:

R. Doc. 3 attach. (listing thirteen suits, including eight habeas petitions, filed by Mr. Day in the district court).

Day v. Evans, No. 94-CV-538, Civil Docket at 4, No. 23 (W.D.Okla. Dec. 12, 1994) (summarizing order not to accept future pro se filings from Mr. Day without leave of court).

R. Doc. 6, at 1 ("[T]he Court finds that, like the numerous habeas petitions filed by Petitioner in previous cases, the instant Petition contains no constitutional claim of any legal or factual merit.").

Mr. Day's petition is both successive and abusive. See 28 U.S.C. § 2244(b); Rule 9(b), Rules Governing § 2254 Proceedings; Schlup v. Delo, 115 S.Ct. 851, 863 n. 34 (1995); Andrews v. Deland, 943 F.2d 1162, 1171 (10th Cir.1991), cert. denied, 502 U.S. 1110 (1992); Femia v. United States, 47 F.3d 519, 524-25 (2d Cir.1995) (court may dismiss subsequent petition sua sponte if record clearly manifests lack of actual prejudice); United States v. Kress, 944 F.2d 155, 162 (3d Cir.1991) ("While the doctrine of res judicata does not strictly apply in the habeas corpus setting, 'an abusive use of the writ may be prevented and a prior refusal to discharge on a like application may be made the authority for a refusal on subsequent ones.' ") (quoting Wells v. United States, 158 F.2d 833, 834 (5th Cir.1946), cert. denied, 331 U.S. 852 (1947)), cert. denied, 502 U.S. 1092 (1992); R. Doc. 4, at 2-3 (discussing arguments raised previously in Day v. Reynolds, No. CIV-93-480-R (W.D.Okla.), dismissal aff'd, No. 94-6246, 1994 WL 673052 (10th Cir. Nov. 30, 1994)). See generally Mr. Day's prior cases, cited supra.

**\*\*2** Mr. Day either fails or refuses to recognize that he has had his day in court. He may not refile every time he concocts a new theory--or puts a new spin on an old theory--to collaterally attack the same state court convictions. Cf. Macklin v. Singletary, 24 F.3d 1307, 1314 (11th Cir.1994) ("The abuse of the writ doctrine is designed to require a habeas petitioner to present all of his claims in a single petition."), cert. denied, 115 S.Ct. 1122 (1995). This "[p]erpetual disrespect for the finality of [his] convictions disparages the entire criminal justice system." McClesky v. Zant, 499 U.S. 467, 492 (1991). This court will not countenance such disrespect, nor will it tolerate abuse of its processes. See Demos v. Storrie, 507 U.S. 290 (1993); Johnson v. Cowley, 872 F.2d 342 (10th Cir.1989).

Accordingly, the request for a certificate of probable cause is DENIED and the appeal is DISMISSED. The mandate shall issue forthwith.

END OF DOCUMENT